UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SHEPARD, SR.,

        Plaintiff,

     v.                            Case No. 21-C-501

EMILY BLOZINSKI,

        Defendant.

## ORDER

Plaintiff Michael A. Shepard, Sr., filed this 42 U.S.C. § 1983 action on April 19, 2021. On May 6, 2021, the Court screened the complaint and allowed Plaintiff to proceed on his claim that Defendant Emily Blozinski denied him medical care for his severely injured finger. On July 21, 2021, Plaintiff filed a request to amend the relief sought in his complaint. Dkt. No. 16. On August 17, 2021, Plaintiff filed an "amended complaint" describing the amended relief he seeks and asserting a claim of negligence. Dkt. No. 17. Plaintiff's request to amend the relief sought and proposed amended complaint fail to comply with the Federal Rules of Civil Procedure and local rules governing amendment of pleadings. Civil Local Rule 15(a) states:

> Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Rule 15(d) of the Federal Rules of Civil Procedure provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). In this case, Plaintiff does not allege any event that occurred

after he filed the complaint on April 19, 2021. Instead, Plaintiff seeks to add a new negligence claim and amend his request for relief. Plaintiff's additional claim of negligence requires the filing of an amended complaint that sets forth all of his allegations. Allowing Plaintiff to provide numerous supplements would make it difficult "for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). In addition, while monetary damages are an appropriate remedy in this type of case, the type of injunctive and declaratory relief requested are not.

In sum, Plaintiff's request to amend the relief sought (Dkt. No. 16) is **DENIED** and Plaintiff's proposed amended complaint (Dkt. No. 17) is **STRICKEN** for failure to comply with Federal Rule of Civil Procedure 15 and Civil Local Rule 15. If Plaintiff chooses to file one, single amended complaint in compliance with the local and federal rules that includes all of his allegations and his request for relief, he should promptly submit it for the Court's consideration. The proposed amended complaint must be attached to a motion for leave to file an amended complaint that states specifically what changes are sought by the proposed amendments. *See* Civil L.R. 15(b) ("A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."). An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

**SO ORDERED** at Green Bay, Wisconsin this 31st day of August, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge